UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| **REBEKAH RICKER, On Behalf of HERSELF and All Others Similarly Situated,** | ) ) ) |
| | ) **COLLECTIVE ACTION** |
| *Plaintiff,* | ) ) |
| | ) **CASE NO. _____** |
| v. | ) |
| | ) **JUDGE _____** |
| **JOHNNY'S PIZZA, INC. and JOHNNY'S PIZZA FRANCHISE SYSTEMS, INC.,** | ) ) **JURY DEMAND** ) |
| | ) |
| *Defendants*. | ) |

## COLLECTIVE ACTION COMPLAINT

1. Plaintiff Rebekah Ricker ("Named Plaintiff") brings this collective action on behalf of herself and all others similarly situated against Defendants Johnny's Pizza, Inc. and Johnny's Pizza Franchise Systems, Inc. (collectively referred to herein as "Johnny's Pizza"), her employer, to recover unpaid minimum and overtime wages under the Fair Labor Standards Act ("FLSA").

2. Johnny's Pizza operates a pizza restaurant chain with locations throughout the state of Georgia. Named Plaintiff and those similarly situated are servers who worked for Johnny's Pizza during the applicable statutory period in at least one of its restaurants in Georgia.

3. Named Plaintiff brings her FLSA claims on her own behalf and on behalf of all similarly situated employees of Johnny's Pizza as a collective action pursuant to 29 U.S.C. § 216(b).

## JURISDICTION

4. This Court has jurisdiction over Named Plaintiff's claims because they are

brought pursuant to 29 U.S.C. § 216(b) and because they raise a federal question pursuant to 28 U.S.C. § 1331.

5. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants reside in this judicial district and because the claims arose in this judicial district.

## PARTIES

6. Named Plaintiff Rebekah Ricker is a resident of Newnan, Coweta County, Georgia and was employed by Johnny's Pizza as a server at its restaurant located in Newnan, Coweta County, Georgia from or around September 2017 until May 2018.

7. Defendant Johnny's Pizza, Inc. is a Georgia corporation with its principal office located at 25 Spyglass Point, Newnan, Georgia, 30263. Defendant Johnny's Pizza, Inc.'s registered agent in Georgia can be served at 3292 Bay View Drive, Jonesboro, Georgia, 30236.

8. Defendant Johnny's Pizza Franchise Systems, Inc. is a Georgia corporation with its principle office located at 25 Spyglass Point, Newnan, Georgia, 30263. Defendant Johnny's Pizza Franchise Systems, Inc.'s registered agent in Georgia can be served at 3292 Bay View Drive, Jonesboro, Georgia, 30236.

9. Throughout the statutory period covered by this action, Johnny's Pizza employed individuals who are engaged in interstate commerce and/or in the production of goods for interstate commerce or are engaged in handling, receiving, selling, or otherwise working on goods or materials that were moved in or produced for interstate commerce. As such, Johnny's Pizza is and was covered by the FLSA.

## FACTS

10. Named Plaintiff and those she seeks to represent in this action were employed as servers for Johnny's Pizza at its restaurants in Georgia.

11. Johnny's Pizza operates nearly fifty (50) restaurants throughout Georgia, including, but not limited to, the following Georgia cities: Acworth, Alpharetta, Athens, Atlanta, Bethlehem, Bonaire, Canton, Carrollton, Cartersville, Columbus, Conyers, Covington, Cumming, Dacula, Dallas, Dawsonville, Douglas, Douglasville, Dublin, Fayetteville, Flowery Branch, Grayson, Hapeville, Hickory Flat, Hiram, Jasper, Kennesaw, LaGrange, Lawrenceville, Lithia Springs, Loganville, Macon, Marietta, McDonough, Newnan, Peachtree City, Powder Springs, Rockmart, Rome, Roswell, Sandy Springs, Smyrna, Snellville, Stockbridge, Suwanee, Villa Rica, West Point, and Woodstock.

12. During the three-year period relevant to this lawsuit, Johnny's Pizza has employed hundreds of servers at its restaurants.

13. From approximately September 2017 until May 2018, Named Plaintiff was employed by Johnny's Pizza as a server at its location in Newnan, Georgia.

14. Johnny's Pizza paid Named Plaintiff and other servers at its Georgia restaurants an hourly wage below $7.25. For example, Johnny's Pizza paid Named Plaintiff an hourly wage of $2.50.

15. In seeking to comply with the FLSA mandate that employees receive a minimum wage of $7.25 per hour, Johnny's Pizza purported to utilize a "tip credit" for each hour worked by Named Plaintiff and other servers at Johnny's Pizza's Georgia restaurants. *See* 29 U.S.C. § 203(m). For example, the "tip credit" for Named Plaintiff was $4.75 for each hour worked.

16. Johnny's Pizza required Named Plaintiff and other servers to contribute a portion of their tips to Defendants' employees who worked in the position of Dishwashers.

17. Johnny's Pizza's Dishwashers do not receive tips directly from customers because Dishwashers generally work in or near the kitchen area and do not interact with restaurant

customers. A Dishwasher's job primarily consists of cleaning and washing cooking utensils as well as cleaning and washing silverware and dishes used by restaurant patrons.

18. Johnny's Pizza also had a policy and practice of requiring Named Plaintiff and its other servers to spend more than 20% of their shift performing non-tip-producing work, including, but not limited to, rolling silverware, stocking the refrigerator, chopping vegetables, and changing out beer kegs.

## COLLECTIVE ALLEGATIONS

19. Named Plaintiff brings her FLSA claim pursuant to 29 U.S.C. § 216(b) on behalf of all individuals who, during any time within the past three years, were employed as servers at any Johnny's Pizza restaurant in Georgia.

20. Named Plaintiff's FLSA claims should proceed as a collective action because Named Plaintiff and other similarly situated servers, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

## CAUSES OF ACTION

## COUNT I

**Violation of the Minimum Wage Requirements of the FLSA**

21. All previous paragraphs are incorporated as though fully set forth herein.

22. The FLSA entitles employees to a minimum hourly wage of $7.25.

23. While restaurants may utilize a "tip credit" to satisfy their minimum wage obligations to servers, they forfeit the right to do so when they require servers to share tips with other restaurant employees who do not "customarily and regularly receive tips." *See* 29 U.S.C. § 203(m). Federal courts interpreting this statutory language hold that restaurants lose their right to utilize a "tip credit" when tips are shared with employees—such as Johnny's Pizza's

4

Dishwashers—whose direct customer interaction is minimal. Federal courts interpreting this statutory language also hold that restaurants lose their right to utilize a "tip credit" when their tipped employees—such as Johnny's Pizza's servers—spend more than 20% of their shift performing non-tip-producing work.

24. By requiring Named Plaintiff and other servers to share tips with Dishwashers, Johnny's Pizza has forfeited its right to utilize the "tip credit" in satisfying its minimum wage obligations to Named Plaintiff and other servers. As such, Johnny's Pizza has violated the FLSA's minimum wage mandate by paying Plaintiff and other servers an hourly wage below $7.25.

25. By requiring Named Plaintiff and other servers to spend more than 20% of their shift performing non-tip-producing work, Johnny's Pizza has forfeited its right to utilize the "tip credit" in satisfying its minimum wage obligations to Named Plaintiff and other servers. As such, Johnny's Pizza has violated the FLSA's minimum wage mandate by paying Plaintiff and other servers an hourly wage below $7.25.

26. In violating the FLSA, Johnny's Pizza has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

**PRAYER FOR RELIEF**

WHEREFORE, Named Plaintiff prays for the following relief, on behalf of herself and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice of this litigation, pursuant to 29 U.S.C. § 216(b), to all similarly situated workers;

C. A finding that Defendants violated the FLSA;

D. A finding that Defendants' FLSA violations are willful;

E. A judgment against Defendants and in favor of Named Plaintiff and similarly situated workers for compensation for all unpaid and underpaid wages that Defendants failed and refused to pay in violation of the FLSA;

F. Prejudgment interest to the fullest extent permitted under the law;

G. Liquidated damages to the fullest extent permitted under the FLSA;

H. Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA and Federal Rules of Civil Procedure; and

I. Such other and further relief as this Court deems just and proper in equity and under the law.

## JURY DEMAND

Named Plaintiff demands a jury as to all claims so triable.

Dated: June 14, 2018                          Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　 */s/ Michael J. Moore*
**MICHAEL J. MOORE (GA Bar No. 520109)**
**AIMEE J. HALL (GA Bar No. 318048)**
POPE, MCGLAMRY, KILPATRICK, MORRISON & NORWOOD, P.C.
3391 Peachtree Road, NE, Suite 300
P.O. Box 191625 (31119-1625)
Atlanta, GA  30326
Telephone: (404) 523-7706
michaelmoore@pmkm.com
aimeehall@pmkm.com
efile@pmkm.com

**DAVID W. GARRISON (No. 24968)\***
**JOSHUA A. FRANK (No. 33294)\***
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street, Suite 900

Nashville, TN 37219<br>
Telephone: (615) 244-2202<br>
Facsimile: (615) 252-3798<br>
dgarrison@barrettjohnston.com<br>
jfrank@barrettjohnston.com

*\* Pro Hac Vice* Motion anticipated

*Attorneys for Plaintiff*